**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 17-270-JFW (JCx)**                              Date:  March 14, 2017

Title:       Gagik Bakhtamyan, et al. -v- Select Portfolio Servicing, Inc., et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                                                      None

**PROCEEDINGS (IN CHAMBERS):**     ORDER GRANTING IN PART, DENYING IN PART DEFENDANT SELECT PORTFOLIO SERVICING, INC.'S MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(b)(6) [filed 2/16/2017; Docket No. 17]

On February 16, 2017, Defendant Select Portfolio Servicing, Inc. ("Defendant") filed a Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6) ("Motion to Dismiss").  On February 20, 2017, Plaintiffs Gagik Bakhtamyan and Tony Adjian ("Plaintiffs") filed their Opposition.  On March 6, 2017, Defendant filed a Reply.   Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for March 20, 2017 is hereby vacated and the matter taken off calendar.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g.,*

*Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment. *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994).

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

The Court finds that the issues raised by Defendant as to Plaintiffs' claims for violation of California Civil Code § 2923.6 and violation of California Business & Professions Code § 17200 are more appropriately resolved on a motion for summary judgment. With respect to Plaintiffs' claims for breach of the implied covenant of good faith and fair dealing and for injunctive relief, Plaintiffs fail to address these claims in their Opposition, and thus effectively concede the merits of Defendant's arguments and thus consent to the dismissal of these claims. With respect to Plaintiff's claim for cancellation of trustee's deed upon sale, Plaintiffs have failed to allege the ability to tender the amount owing on the underlying debt, and thus the Court concludes that this claim should be dismissed.[1] *See, e.g., Lesley v. Fay Servicing, LLC*, 2016 WL 3556601, at *5 (C.D. Cal. June 29, 2016); *Alvarez v. Wells Fargo Bank*, 2016 WL 1137108, at *9 (E.D. Cal. Mar. 23, 2016).

Accordingly, Defendant's Motion to Dismiss is **GRANTED in part, DENIED in part.** Plaintiff's claims for breach of the implied covenant of good faith and fair dealing, injunctive relief, and cancellation of trustee's deed upon sale are **DISMISSED without leave to amend**.

IT IS SO ORDERED.

---

[1] For the reasons stated in Defendant's moving and reply papers, the Court concludes that Zarui Adjian's bankruptcy filing does not save this claim from dismissal.