NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAGIK BAKHTAMYAN, an Individual; TONY ADJIAN, an Individual, <br><br> Plaintiffs, <br><br> vs. <br><br> SELECT PORTFOLIO SERVICING, INC.; and DOES 1 through 50, Inclusive <br><br> Defendants. | Case No. 2:17-cv-00270-JFW-JC <br><br> **STATEMENT OF DECISION** |

1    On October 9, 2017, Defendant Select Portfolio Servicing, Inc. ("SPS") filed a
2 Motion for Summary Judgment ("MSJ") with respect to Plaintiffs Gagik Bakhtamyan
3 and Tony Adjian's ("Plaintiffs") Complaint pursuant to Federal Rule of Civil
4 Procedure 56. [D.E. # 29.] SPS also filed a Proposed Statement of Uncontroverted
5 Facts and Conclusion of Law ("SUF") [D.E. # 30-1] and Declarations of Scott R.
6 Laes ("Laes Decl.") [D.E. # 31] and Rebecca Adelman ("Adelman Decl.") [D.E. #
7 32] in support of its MSJ. Plaintiffs filed an Opposition to the MSJ on October 19,
8 2017. [D.E. # 33.] Plaintiffs also filed a Statement of Genuine Disputes in Support of
9 Plaintiffs' Opposition [D.E. # 34] and Declaration of Moses Abonal ("Abonal Decl.")
10 [D.E. # 35] in support of their Opposition on October 19, 2017. SPS filed a Reply in
11 support of its MSJ on October 23, 2017. [D.E. # 37.]

Having read and considered the briefs filed by the parties in this matter, the
Court hereby **GRANTS** SPS's Motion for Summary Judgment.

## BACKGROUND[1]

Plaintiff Gagik Bakhtamyan ("Bakhtamyan") obtained the subject Loan on or about January 4, 2007 from Washington Mutual Bank, FA ("FA"), and at the same time executed a Deed of Trust ("DOT") securing the Loan with an interest in the property located at 5843 Beckford Avenue, Tarzana, California 91356 (the "Property.") (SUF ¶ 1.)

Bakhtamyan subsequently defaulted on the Loan, and on November 6, 2009 a Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded against the Property. (SUF ¶ 2.)

---

[1] The facts in this case are largely undisputed. The Court has considered the facts in the light most favorable to the nonmoving party, and to the extent any of these facts are disputed, they are not material to the disposition of this motion. In addition, to the extent that the Court has relied on evidence to which the parties have objected, the Court overrules those objections. As to the remaining objections, the Court finds that it is unnecessary to rule on those objections because the disputed evidence was not relied on by the Court.

|   |   |
|---|---|
| 1 | As of August 1, 2013, and continuing through the present, the Loan has been |
| 2 | serviced by SPS. (SUF ¶ 3.) Bakhtamyan submitted documents in connection with a |
| 3 | Loan modification application in 2014. (SUF ¶ 4.) Upon request, Bakhtamyan |
| 4 | submitted additional documentation connected to the Loan modification application |
| 5 | on January 27, 2015, February 13, 2015, and March 17, 2015. (SUF ¶ 5.) |
| 6 | On April 1, 2015, SPS sent Bakhtamyan a Required Information Notice |
| 7 | ("RIN"). (SUF ¶ 6.) The April 1, 2015 RIN stated that "the submitted documentation |
| 8 | is insufficient or additional information is needed." (SUF ¶ 7.) The RIN listed the |
| 9 | additional documentation required to complete the Loan modification application. |
| 10 | (SUF ¶ 8.) However, Bakhtamyan failed to submit the required documentation. |
| 11 | (SUF ¶¶ 9, 11.) Thereafter, on June 30, 2015, a Notice of Trustee's Sale ("NOTS") |
| 12 | was recorded against the Property. (SUF ¶ 10.) |
| 13 | Subsequently, due to Bakhtamyan's failure to submit the required documents in |
| 14 | response to the April 1, 2015 RIN, on July 1, 2015, SPS sent Bakhtamyan an |
| 15 | Assistance Review Decision, advising Bakhtamyan that the Loan modification |
| 16 | application had been closed because "SPS did not receive the required documents |
| 17 | within the deadline specified." (SUF ¶¶ 12-13.) On July 16, 2015, Bakhtamyan |
| 18 | contacted SPS by telephone. (SUF ¶ 14.) SPS advised Bakhtamyan that the loss |
| 19 | mitigation review was closed due to the failure to submit the required documentation. |
| 20 | (SUF ¶ 15.) SPS further advised Bakhtamyan that a new modification review could |
| 21 | be possible, but Bakhtamyan would have to submit all new documentation in order to |
| 22 | be reviewed. (SUF ¶ 16.) |
| 23 | On July 20, 2015, SPS sent Bakhtamyan a RIN. (SUF ¶ 17.) The July 20, |
| 24 | 2015 RIN stated that "the submitted documentation is insufficient or additional |
| 25 | information is needed." (SUF ¶ 18.) The RIN listed the additional documentation |
| 26 | required to complete the Loan modification application. (SUF ¶ 19.) However, |
| 27 | Bakhtamyan failed to submit the required documentation to SPS on or by September |
| 28 | 18, 2015, nor were the required documents received by SPS through March 15, 2016. |

-2-

(SUF ¶ 20.)  Accordingly, on March 15, 2016—nearly eight months later—SPS sent Bakhtamyan an Assistance Review Decision, stating that the Loan modification application had been closed because "SPS did not receive the required documents within the deadline specified."  (SUF ¶¶ 22–23.)

On March 17, 2016, another NOTS was recorded against the Property.  (SUF ¶ 24.)  On September 1, 2016, SPS sent two letters to Bakhtamyan: (1) notifying her that her assigned Relationship Manager had changed and (2) advising her of potential options to avoid foreclosure, should she choose to apply (which she did not).  (SUF ¶¶ 25–26.)

On September 12, 2016, SPS sent a letter to Bakhtamyan, advising her that "there are no available loss mitigation assistance options for which this account is eligible."  (SUF ¶ 27.)  That same date (September 12, 2016), SPS sent another letter to Bakhtamyan, informing her that a foreclosure sale had been scheduled for October 6, 2016.  (SUF ¶ 28.)

On September 15, 2016, another NOTS was recorded against the Property.  (SUF ¶ 29.)  SPS has not received any Loan modification application documentation from Bakhtamyan from July 20, 2015 to the present.  (SUF ¶ 30.)  On December 6, 2016, the Property was properly sold at a trustee's sale.  (SUF ¶ 31.)

Plaintiffs subsequently filed their Complaint against SPS in Los Angeles County Superior Court.  [D.E. # 1-3.]  SPS removed the matter to this Court on February 12, 2017.  [D.E. # 1]  SPS filed a Motion to Dismiss ("MTD") on February 16, 2017.  [D.E. # 17.]  This Court granted the MTD in part on March 14, 2017, dismissing all claims but Plaintiffs' first claim for wrongful foreclosure―violation of California Civil Code section 2923.6.  [D.E. # 25.]  SPS filed an Answer on March 28, 2017.  [D.E. # 26.]

## **LEGAL STANDARD**

Summary judgment is appropriate where "there is no genuine issue as to any material fact . . . the moving party is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Indeed, summary judgment should be entered after adequate time for discovery and upon motion against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Id*.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Id.*  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied."  *Id.*

Once the moving party has shown the absence of a genuine issue of material fact, the non-movant cannot avoid summary judgment by resting on mere assertions—unsupported by record evidence—that the facts are sufficient to support his or her claims.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).  Instead, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## **DISCUSSION**

### **A.    Plaintiffs' Claim for Violation of Civil Code Section 2923.6**

California Civil Code Section 2923.6 prohibits the recordation of a notice of default, notice of sale, or conducting of a trustee's sale, "while [a] complete first lien loan modification application is pending."  Cal. Civ. Code § 2923.6(c).  An application is considered "complete" when "borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer."  Cal. Civ. Code § 2923.6(h).  Where a "complete" application has been fully reviewed and denied, the borrower is given a 30-day period to appeal the denial, during which no foreclosure documents can be recorded.  Cal. Civ. Code 2923.6(c)–(d).

At issue here are three foreclosure notices: the June 30, 2015 NOTS; the March 17, 2016 NOTS; and the September 15, 2016 NOTS. As discussed below, the recording of each of these documents complied with Civil Code Section 2923.6.

The evidence presented demonstrates that Bakhtamyan did not have a "complete" Loan modification application pending at the time any of the NOTS were recorded. Although Plaintiffs point to evidence that SPS acknowledged on March 23, 2015 that it had received a completed application from Bakhtamyan, as well as all required documentation, the undisputed evidence shows that SPS sent a follow-up letter on April 1, 2015 stating:

> Although you may have received previous information regarding your assistance request and documentation requirements, we have performed an additional review and have determined that the submitted documentation is insufficient or additional information is needed as outlined below. Before we can begin our evaluation process, you are required to submit a complete application. We must receive the missing Required Information indicated below on or before 5/01/2015 (the "Expiration Date").

Thus, the Court concludes that the application was not complete as of April 1, 2015. *See Stokes v. CitiMortgage, Inc.*, 2014 WL 4359193, at *7 (C.D. Cal. Sept. 3, 2014) (the finding of whether an application is complete is a legal determination for the Court); *see also* Cal. Civ. Code § 2924.12(c) ("a mortgage servicer . . . shall not be liable for any violation that it has corrected and remedied prior to the recordation of a trustee's deed upon sale . . . .").

Moreover, as identified by SPS, Plaintiffs' allegations are contradicted by the evidence showing that they were sent multiple requests for additional documents, and Plaintiffs have provided no evidence showing this additional documentation was supplied prior to the dates the documents were recorded. At the time the June 30, 2015 NOTS was recorded, SPS's document request from April 1, 2015 was still pending. (SUF ¶¶ 6–8.) The evidence shows that these documents were not

submitted until July 31, 2015, if at all—well after the June 30, 2015 NOTS was recorded.[2] Thus, the June 30, 2015 NOTS complied with Civil Code Section 2923.6. *See Terry v. Wells Fargo Bank, N.A.*, 2016 WL 3017558, at *3 (N.D. Cal. May 26, 2016) (dismissing Section 2923.6 claim due to lack of a "complete" application where the alleged facts demonstrate that the defendant "confirmed receipt of the application and requested additional documents" but "plaintiffs had not yet supplied the servicer with all required documents" when the notice of trustee's sale was recorded).

After Bakhtamyan's previous modification application was closed due to the failure to submit documents, SPS agreed to re-open the review, and sent Bakhtamyan a letter on July 20, 2015, advising of the additional documentation required to complete the Loan modification application. (SUF ¶ 18.) SPS did not receive this required documentation. (SUF ¶¶ 20–21.) Accordingly, SPS sent Bakhtamyan a letter on March 15, 2016, advising Plaintiffs that the modification review was closed due to the failure to timely submit all required documentation. (SUF ¶¶ 22–23.) Contrary to Plaintiffs' assertion, no appeal period existed because the modification application was admittedly incomplete, and was not fully reviewed and denied. *See* Cal. Civ. Code § 2923.6(c)-(d); *see also Stokes*, 2014 WL 4359193 at *7 n.5 ("Because Plaintiffs have failed to allege that their July application was complete, their derivative argument that Defendant did not comply with the mandatory thirty-day appeal period similarly fails."). Indeed, as seen by the submitted evidence, the application was closed, rather than denied. Thus, the March 17, 2016 NOTS was recorded in compliance with Civil Code Section 2923.6.

---

[2] As identified by SPS, Plaintiffs have provided incomplete evidence of this July 31, 2015 submission, as there is no confirmation page attached to the letter, as is the case for all other submissions. However, even if the documents were submitted, Plaintiffs have presented no evidence that the documents were actually ***received*** by SPS, as required. To the contrary, SPS has presented evidence that no such documents were received on July 31, 2015. (SUF ¶ 21.)

Finally, Plaintiffs admit that no additional Loan modification application was submitted after Bakhtamyan's modification review was closed on March 15, 2016. (Laes Decl., Exs. B at 8, C at 8–9.) Instead, Plaintiffs attempt to rely on three letters from SPS which they claim demonstrate that "Bakhtamyan was being considered for a loan resolution option." (Compl. ¶¶ 31–33.) However, these letters show no such thing. Indeed, the letters merely: (1) advise Bakhtamyan that his single point of contact had changed (SUF ¶ 25); (2) advise Bakhtamyan of potential options to avoid foreclosure, should he choose to apply—which he did not (SUF ¶ 26); and (3) advise Bakhtamyan that were no available loss mitigation options (SUF ¶ 28). Thus, the September 15, 2016 NOTS was recorded in compliance with Civil Code Section 2923.6.

Accordingly, and for the reasons set forth above, the Court **GRANTS** SPS's MSJ as to Plaintiffs' claim for violation of Civil Code Section 2923.6.

### B. Plaintiffs' Claim for Violation of California Business and Professions Code Section 17200

Plaintiffs' claim for unfair business practices is entirely derivative of Plaintiffs' Section 2923.6 claim, and therefore fails for the same reasons set forth above. Moreover, Plaintiffs have not shown any independently "unlawful, fraudulent, or unfair" conduct. *Puentes v. Wells Fargo Home Mortgage, Inc.*, 160 Cal. App. 4th 638, 644 (2008).

Accordingly, and for the reasons discussed above, the Court **GRANTS** SPS's MSJ as to Plaintiff's claim for violation of Business and Professions Code Section 17200.

## CONCLUSION

The Court hereby **GRANTS** SPS's Motion for Summary Judgment in its entirety. [D.E. # 29.] The parties are ordered to meet and confer and prepare a joint proposed Judgment which is consistent with this Order. The parties shall lodge the joint proposed Judgment with the Court on or before November 9, 2017. In the unlikely event that counsel are unable to agree upon a joint proposed Judgment, the parties shall each submit separate versions of a proposed Judgment along with a declaration outlining their objections to the opposing party's version no later than November 9, 2017.

**IT IS SO ORDERED.**

DATED: November 2, 2017

By: _____
Hon. John F. Walter